# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LESROY E. BROWNE, on behalf of himself and those similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>NATIONAL COLLEGIATE STUDENT LOAN TRUST A/K/A NATIONAL COLLEGIATE MASTER STUDENT LOAN TRUST I; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2003-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3 AND NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-4; WILMINGTON TRUST COMPANY AS TRUSTEE FOR NATIONAL COLLEGIATE STUDENT LOAN TRUST; U.S. BANK, N.A. IN ITS ROLE AS SPECIAL SERVICER FOR THE NATIONAL COLLEGIATE STUDENT LOAN TRUST; TRANSWORLD SYSTEMS, INC.; and JOHN DOES 1 to 15; and a class of Defendants similarly situated to the Defendant, National Collegiate Student Loan Trust,<br><br>    Defendants. | Civ. No. 22-02713<br><br>**NOTICE OF REMOVAL** |

**TO:** THE CLERK OF COURT;

**AND TO:** PLAINTIFF, NAMED ABOVE, AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE THAT National Collegiate Student Loan Trust a/k/a National Collegiate Master Student Loan Trust I, National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3 and National Collegiate Student Loan Trust 2007-4 (collectively, the "Trust Defendants") hereby remove to this Court the state court action described below pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and as grounds for their removal state as follows:

I. **STATEMENT OF THE CASE**

1. On April 21, 2021, plaintiff, Lesroy E. Browne, filed a complaint (the "Complaint") in the Superior Court of New Jersey, Law Division: Hudson County entitled *Lesroy E. Browne, on behalf of himself and those similarly situated v. National Collegiate Student Loan Trust; and John Does 1-15*, Docket No. HUD-L-1598-21 (the "State Court Action").[1]

2. The State Court Action was successfully removed to the District Court of New Jersey on May 27, 2021 bearing the case caption *Lesroy E. Browne, on behalf of himself and those similarly situated v. National Collegiate Student Loan Trust; and John Does 1-15*, Case No. 21-11871.

---

[1] The Complaint identified unknown entity "National Collegiate Student Loan Trust" as the sole defendant; however, relevant certificates of service state that service of the Complaint was directed at the Trust Defendants on or about April 27, 2021.

3. Thereafter, on July 30, 2021, the Trust Defendants filed a motion to dismiss, which District Judge Kevin McNulty granted on December 21, 2021 for lack of standing, without prejudice (the "Order"), and entered an accompanying opinion on December 22, 2021 (the "Opinion"). (Dkt. Nos. 39–40.)

4. On January 18, 2022, Plaintiff filed a motion to alter or amend the Order, requesting (i) that the case should instead be remanded to state court and (ii) that section III.b. of the Opinion be stricken. (Dkt. No. 40.)

5. On February 16, 2022, Judge McNulty entered an order granting Plaintiff's motion to alter the Order, denying Plaintiff's motion to strike section III.b. of the Opinion, and remanding the case back to the New Jersey Superior Court, Law Division, Hudson County. (Dkt. Nos. 43–44.)

6. After remand, on April 21, 2022, Plaintiff filed an amended complaint (the "Amended Complaint") and completed service on the Trust Defendants in the State Court Action. A copy of the Amended Complaint (with exhibits) is attached hereto as Exhibit A.

7. The Amended Complaint names each individual Trust Defendant and an additional three new defendants: Wilmington Trust Company as Trustee for National Collegiate Student Loan Trust; U.S. Bank, N.A. in its Role as Special Servicer for The National Collegiate Student Loan Trust; and Transworld Systems, Inc.[2]

---

[2] Accordingly, the Amended Complaint's caption has been modified to *Lesroy E. Browne, on behalf of himself and those similarly situated v. National Collegiate Student Loan Trust a/k/a National Collegiate Master Student Loan Trust I; National Collegiate Student Loan Trust 2003-1; National Collegiate Student Loan Trust 2004-1; National Collegiate Student Loan Trust 2004-2; National Collegiate Student Loan Trust 2005-1; National Collegiate Student Loan Trust 2005-2; National Collegiate Student Loan Trust 2005-3; National Collegiate Student Loan Trust 2006-1; National Collegiate Student Loan Trust 2006-2; National Collegiate Student Loan Trust 2006-3; National Collegiate Student Loan Trust 2006-4; National Collegiate Student Loan Trust 2007-1; National Collegiate Student Loan Trust 2007-2; National Collegiate Student Loan Trust 2007-3 and National Collegiate Student Loan Trust 2007-4; Wilmington Trust Company as Trustee for National Collegiate Student Loan Trust; U.S. Bank, N.A. in its Role as Special Servicer for The National Collegiate Student Loan Trust; Transworld Systems, Inc.; and John Does 1 to 15;*

8.  The Amended Complaint appears to make numerous additional factual and substantive allegations that were not made in the original Complaint and interpose different theories of liability from the original Complaint. *See Roberts v. Am. Airlines*, No. 20-cv-2202, 2020 WL 6504562, at *4 (E.D. Pa. Nov. 4, 2020) ("When a defendant properly removes the case on one ground and the case is subsequently remanded, the defendant is permitted to remove the case a second time if further developments establish another basis for removal.").

9.  The Amended Complaint purports to assert three causes of action against all defendants, including: 1) Declaratory Judgment and Injunctive Relief; 2) violation of New Jersey's Consumer Fraud Act ("CFA"); and 3) Unjust Enrichment. *See* Ex. A, ¶¶ 112–49.

10. Plaintiff purports to bring each of his claims on behalf of himself as well as a putative class. *See, e.g.*, Ex. A, ¶ 12.

11. Plaintiff seeks various relief for himself and on behalf of the putative class and subclass, including:

   a.  A declaration that all of the loans attributable to New Jersey residents and held by the Trust Defendants are void by operation of N.J.S.A. 17:11C-33(b). *See* Ex. A, First Count;

   b.  A declaration that judgments obtained by the Trust Defendants against New Jersey residents are unenforceable. *See* Ex. A, First Count;

   c.  An injunction against the Trust Defendants prohibiting them from collecting on New Jersey consumers' accounts. *See* Ex. A, First Count;

---

*and a class of Defendants similarly situated to the Defendant, National Collegiate Student Loan Trust,* Docket No. HUD-L-1598-21.

    d.    Damages amounting to treble the amounts collected by the Trust Defendants on loans owed by New Jersey consumers. *See* Ex. A, Second Count;

    e.    A refund of all monies collected by the Trust Defendants on loans owed by New Jersey consumers. *See* Ex. A, Second Count; and

    f.    Disgorgement of any benefits or profits obtained by the Trust Defendants as a result of their collecting on loans owed by New Jersey consumers. *See* Ex. A, Third Count.

## II. JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

12. This Court has jurisdiction over this matter under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (1) there exists minimum diversity between the parties; (2) the number of putative class members exceeds 100; and (3) the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B) and (d)(6).

13. Minimum diversity pursuant to CAFA exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14. Plaintiff alleges he is a citizen of the State of New Jersey. *See* Ex. A, ¶ 19.

15. Plaintiff alleges that the class and sub-class are comprised solely of New Jersey citizens. *See* Ex. A, ¶ 11.

16. Plaintiff alleges that the Trust Defendants are not citizens of New Jersey because they are Delaware statutory trusts and the only entities to which the respective Trust Defendants have issued Trust Certificates pursuant to their respective Trust Agreements are not citizens of New Jersey either. *See* Ex. A, ¶ 20.

17. Therefore, the minimum diversity requirement of CAFA is satisfied because Plaintiff is a resident of a State (New Jersey) different than the Trust Defendants. *Hargrove v.*

*Sleepy's LLC*, No. 3:10-cv-01138-PGS-LHG, 2022 WL 617176, at *4 (D.N.J. Mar. 2, 2022) (noting CAFA's minimum diversity requirement requires that "there is at least one plaintiff who is a resident of a jurisdiction different than that of at least one defendant.").

18. Plaintiff defines the putative class as:

Class: All natural persons with addresses in the State of New Jersey who are listed as the borrower or purchaser in any account allegedly assigned to Defendant Trust, or any of its servicers, collectors, sister, affiliated or parent entities.

Subclass: All members of the Class who paid any money or from whom Defendant Trust or any of its or any of its servicers, collectors, sister or parent entities, directly or indirectly through any agents or contractors, collected any money on the allegedly assigned account.

*See* Ex. A, ¶ 98.

19. Thus, the putative class includes all borrowers with a New Jersey address who have or had a loan held by the Trust Defendants.

20. The Prospectus Supplements for each of the Trust Defendants,[3] which are on file with the U.S. Securities and Exchange Commission and publicly available through the SEC's Electronic Data Gathering, Analysis, and Retrieval system ("EDGAR"), set forth the composition of the student loans deposited into each one of those Trusts. The Prospectus Supplements set forth the number and aggregate amount of all loans deposited into the Trust Defendants that were issued to New Jersey borrowers. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (holding that district court may take judicial notice of public disclosure documents filed with the SEC).

---

[3] National Collegiate Student Loan Trust 2003-1 is not included in this list because that prospectus is not available on EDGAR. However, the number of loans and amounts of the loans in the remaining Trust Defendants more than satisfy the jurisdictional requirements of CAFA.

21. Specifically, the Prospectus Supplements reflect the following amounts relating to New Jersey borrowers in the Trust Defendants are as follows:

   a. The 2004-1 Trust shows 963 loans to New Jersey residents with an outstanding aggregate balance of $11,327,981. *See* https://www.sec.gov/Archives/edgar/data/1290641/000112528204002632/b332019_424b5.txt (last visited May 6, 2022).

   b. The 2004-2 Trust shows 1,269 loans to New Jersey residents with an outstanding aggregate balance of $16,896,701. *See* https://www.sec.gov/Archives/edgar/data/1305287/000112528204005265/b401322_424b5.txt (last visited May 6, 2022).

   c. The 2005-1 Trust shows 850 loans to New Jersey residents with an outstanding aggregate balance of $10,789,967. *See* https://www.sec.gov/Archives/edgar/data/1317703/000095011605000694/b404282_424b5.txt (last visited May 6, 2022).

   d. The 2005-2 Trust shows 542 loans to New Jersey residents with an outstanding aggregate balance of $6,797,394. *See* https://www.sec.gov/Archives/edgar/data/1327893/000095011605002101/b406868_424b5.txt (last visited May 6, 2022).

   e. The 2005-3 Trust shows 1,773 loans to New Jersey residents with an outstanding aggregate balance of $24,165,280. *See* https://www.sec.gov/Archives/edgar/data/1338373/000112528205005228/b408670_424b5.txt (last visited May 6, 2022).

   f. The 2006-1 Trust shows 967 loans to New Jersey residents with an outstanding aggregate balance of $13,020,610. *See* https://www.sec.gov/Archives/edgar/data/1352760/000095011606000714/b412004_424b5.txt (last visited May 6, 2022).

   g. The 2006-2 Trust shows 586 loans to New Jersey residents with an outstanding aggregate balance of $7,404,639. *See* https://www.sec.gov/Archives/edgar/data/1363799/000112528206003266/b413579_424b5.txt (last visited May 6, 2022).

   h. The 2006-3 Trust shows 2,575 loans to New Jersey residents with an outstanding aggregate balance of $39,399,536. *See* https://www.sec.gov/Archives/edgar/data/1374067/000112528206005971/b414977_424b5.txt (last visited May 6, 2022).

   i. The 2006-4 Trust shows 914 loans to New Jersey residents with an outstanding aggregate balance of $13,423,527. *See* https://www.sec.gov/Archives/edgar/data/1380108/000112528206007609/b415971_424b5.txt (last visited May 6, 2022).

    j.    The 2007-1 Trust shows 1,612 loans to New Jersey residents with an outstanding aggregate balance of $21,625,256. *See* https://www.sec.gov/Archives/edgar/data/1223029/000089968107000201/national-424b5_030207.htm (last visited May 27, 2021).

    k.    The 2007-2 Trust shows 1,125 loans to New Jersey residents with an outstanding aggregate balance of $15,175,393. *See* https://www.sec.gov/Archives/edgar/data/1223029/000089968107000462/ncslt20072-ps_061207.htm (last visited May 6, 2022).

    l.    The 2007-3 Trust shows 1,954 loans to New Jersey residents with an outstanding aggregate balance of $31,871,980. *See* https://www.sec.gov/Archives/edgar/data/1223029/000110465907069961/a07-23573_18424b5.htm (last visited May 6, 2022).

    m.    The 2007-4 Trust shows 1,918 loans to New Jersey residents with an outstanding aggregate balance of $31,451,536. *See* https://www.sec.gov/Archives/edgar/data/1223029/000110465907069964/a07-23573_19424b5.htm (last visited May 6, 2022).

22.    The approximate total combined number of loans to New Jersey residents deposited into the Trust Defendants is 17,048. *See* ¶ 21 *supra*.

23.    Accordingly, Plaintiff alleges a putative class with members exceeding 100. *See* 28 U.S.C. § 1332(d)(5)(B).

24.    Additionally, Plaintiff alleges on behalf of himself and the putative class and subclass:

    a.    That all of the loans held by the Trust Defendants are void by operation of N.J.S.A. 17:11C-33(b). *See* Ex. A, ¶¶ 8, 12, 93, 114;

    b.    That judgments obtained by the Trust Defendants are unenforceable. *See* Ex. A, ¶¶ 12–13, 116, 129, 133;

    c.    That the Trust Defendants should be enjoined from collecting on New Jersey consumers' accounts in the future. *See* Ex. A, ¶¶ 3, 66;

    d.    That the Defendants must refund all monies collected to date. *See* Ex. A, ¶ 140.

25. As shown in the above-referenced Prospectus Supplements, approximately $243,349,800 in loans owed by New Jersey residents was deposited into the Trust Defendants. *See* ¶ 21 *supra*.

26. Plaintiff has placed into controversy the entire amounts of the loans owed by New Jersey residents – the amounts that have been collected and the amounts that will be collected – that were deposited into the Trust Defendants at any time.

27. Accordingly, the amount in controversy exceeds $5,000.000. *See* 28 U.S.C. § 1332(d)(6).

28. Thus, minimum diversity exists between the parties, the membership of the putative class exceeds 100, and the amount in controversy exceeds $5,000,000; therefore, this Court has jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d).

29. Additionally, none of the exceptions enumerated in CAFA apply here. Notably, Plaintiff does not allege that any of the newly added Defendants (*i.e.*, Wilmington Trust Company, U.S. Bank N.A., or Transworld Systems, Inc.) are New Jersey residents. *See* Ex. A, ¶¶ 22–23, 27.

### III. PROCEDURAL REQUIREMENTS

30. Because the Amended Complaint was purportedly served on April 21, 2022, this Notice of Removal is timely filed pursuant to 28 U.S.C. 1446(b).

31. A copy of this Notice of Removal is being served upon Plaintiff and will be filed in the State Court Action.

32. The State Court Action is located within the District of New Jersey. Therefore, venue for purposes of removal is proper because the United States District Court for the District of New Jersey embraces the place in which the removed action was pending. 28 U.S.C. § 1441(a).

33. Removal of the State Court Action is therefore proper under 28 U.S.C. §§ 1441 and 1446.

### IV. CONCLUSION

34. By this Notice of Removal, the Trust Defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action. The Trust Defendants intend no admission of fact, law, or liability by this Notice and expressly reserve all defenses, motions, and/or pleas.

Dated: May 9, 2022

By: */s/ Christopher B. Fontenelli*
Christopher B. Fontenelli
Gregory T. Casamento *(pro hac vice forthcoming)*
R. James DeRose, III *(pro hac vice forthcoming)*
Locke Lord LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 10281
T: 212-912-2730
Email: cfontenelli@lockelord.com
Email: gcasamento@lockelord.com
Email: rderose@lockelord.com

J. Matthew Goodin *(pro hac vice forthcoming)*
111 South Wacker Drive
Suite 4100
Chicago, IL 60606
T: (312) 443-0700
Email: jmgoodin@lockelord.com

*Counsel for National Collegiate Student Loan Trust a/k/a National Collegiate Master Student Loan Trust I, National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3 and National Collegiate Student Loan Trust 2007-4*