UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LESROY E. BROWNE,**<br><br>    Plaintiff,<br><br>    v.<br><br>**NATIONAL COLLEGIATE STUDENT LOAN TRUST a/k/a NATIONAL COLLEGIATE MASTER STUDENT LOAN TRUST I,** *et al.*,<br><br>    Defendants. | Civ. No. 22-2713 (KM) (JSA)<br><br>OPINION |

### KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court on the motion (DE 17)[1] of Plaintiff Lesroy E. Browne to remand the removed action to state court. This is the second time this matter has come before this Court. Previously, I dismissed Browne's claims for lack of Article III standing and ordered that the case be remanded to the state court. *See Browne v. National Collegiate Student Loan Trust,* Docket No. 21-cv-11871-KM-JSA ("*Browne I*"). Thereafter, Browne filed an amended complaint in state court, which defendants contend contains new allegations that provide a basis for removal. Browne disagrees and seeks to remand the action. For the following reasons, the motion to remand is **GRANTED**.

---

[1]     Certain citations to the record are abbreviated as follows:

DE = docket entry

Compl. = Amended Complaint (DE 8-1)

Mot. = Browne's Brief in Support of Motion to Remand (DE 17-1)

Opp. = Defendants' Brief in Opposition to Motion to Remand (DE 20)

Reply = Browne's Reply Brief in Support of Motion to Remand (DE 21)

## I. BACKGROUND

### A. Factual Summary

In 2007, Lesroy E. Browne entered into a student loan agreement with JP Morgan Chase Bank. (Compl. ¶ 84.) At some point around 2017, Browne was advised that "NCT" was entitled to collect payments on the loan. (*Id.* at 86.) Upon being informed of the assignment, Browne duly continued to make payments to the NCT Trusts until at least June 2020. (*Id.* ¶¶ 87–89.) Fifteen statutory trusts are named as defendants. (I refer to them collectively as the "NCT Trusts.")[2] According to Exhibit E attached to the amended complaint, the NCT Trusts are "Delaware statutory trusts created between 2001 and 2007. The basic purpose of each Trust is to acquire a pool of student loans, enter into the so-called trust-related agreements, and provide for the administration of the Trusts and the servicing of student loans." (Compl., Ex. E ¶ 4.) The NCT Trusts are not licensed under New Jersey's Consumer Finance Licensing Act, N.J. Stat. Ann. 17:11C-3. (Compl. ¶ 5.)

Also named as defendants are Wilmington Trust Company, the trustee for the NCT Trusts; U.S. Bank, N.A., the special servicer for the NCT Trusts; and Transworld Systems Inc., a servicer of the NCT Trusts. (*Id.* ¶¶ 7, 22–23.) Transworld Systems Inc. is also not licensed to service student loans in New Jersey. (*Id.* ¶ 7, 10.)

---

[2]   The NCT Trusts include National Collegiate Student Loan Trust a/k/a National Collegiate Master Student Loan Trust I, National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2006-3, National Collegiate Student Loan Trust 2006-4, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2007-3, National Collegiate Student Loan Trust 2007-4.

B. **Procedural History**

On April 21, 2021, Plaintiff filed this putative class action in the Superior Court of New Jersey, Law Division, Hudson County (Docket No. HUD-L-1598-21), naming as defendant National Collegiate Student Loan Trust ("NCSLT"). NCSLT removed the case to this court on May 27, 2021, and moved to dismiss on July 30, 2021. (*Browne I*, DE 1, 14, 16.) On December 22, 2021, I granted the motion to dismiss, without prejudice, on jurisdictional grounds for lack of Article III standing. (*Browne I*, DE 38 pp. 5–6.) I determined that Browne had not alleged that he suffered any concrete harm, or any risk of concrete harm. I recognized that Browne's claim, based on the fact that NCSLT was not licensed in New Jersey, was the type of "bare procedural violation" that could not confer federal-court standing without evidence of concrete harm:

> Browne has not alleged that he suffered any concrete harm, or any risk of concrete harm. All he has alleged is that at some point while paying back the student loan, he began to pay NCSLT 2007-1 rather than JP Morgan Chase. He does not allege that this change caused him to pay a single penny more than he would otherwise have paid, or that it delayed his repayment of the loan, or that it harmed his credit rating, or that it even caused him distress, confusion, or wasted time. If JP Morgan Chase had kept the loan on its own books until it was paid off, plaintiff would have paid back the exact same amount of money and finished paying off the loan at the exact same time, and he would occupy the very same status with respect to the loan that he occupies today.

(*Browne I*, DE 38 pp. 5–6.)

Thereafter, Browne declined to amend his complaint and instead filed a motion to amend the court's order of dismissal to include a mandate that his case be remanded to state court. (*Browne I*, DE 40.) I found that, because Browne chose not to amend his complaint, it left the matter in *status quo ante*, without subject matter jurisdiction. (*Browne I*, DE 43 p. 3.) I recognized that, under 28 U.S.C. § 1447(c), remand is mandatory when the Court lacks subject matter jurisdiction. (*Id.*) Therefore, I granted Browne's motion to amend the

order and ordered that the case be remanded to the New Jersey Superior Court, Law Division, Hudson County. (*Id.*)

On April 21, 2022, Browne filed an amended complaint in state court. On May 9, 2022, the NCT Trusts removed the case to this court. (DE 1.) On June 8, 2022, Browne filed a motion to remand. (DE 17.) The NCT Trusts filed their opposition on June 21, 2022 (DE 20), to which Browne replied on June 28, 2022 (DE 21). The motion is fully briefed and ripe for decision.

## II. DISCUSSION

### A. Standard

The NCT Trusts removed this case pursuant to the federal removal statute, 28 U.S.C. § 1441. Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The NCT Trusts assert that the Court has jurisdiction over this matter under the Class Action Fairness Act, which provides that district courts have "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

A party's right to remove a civil action is "determined according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). Removal is "strictly construed, with all doubts to be resolved in favor of remand." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009); *see also Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396, 403 (3d Cir. 2004). The removing party bears the burden of showing that removal is appropriate. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). A removed action must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

## B. Analysis

Browne asserts that removal was improper because the federal requirement of Article III standing is still not satisfied. (Mot. pp. 5–7.) Accordingly, Browne states that this Court does not have subject matter jurisdiction, and I must remand the case to state court. (*Id.* p. 7; Reply pp. 4–5.) The NCT Trusts disagree and submit that removal was proper because the amended complaint asserts a "different theory of liability" based on defendants' misrepresentations that they had ownership of the loans at issue and collected on those loans without the ability to prove their ownership. (Opp. pp. 7–8.)

Article III standing is "essential to federal subject matter jurisdiction." *Hartig Drug Co. Inc. v. Senju Pharm. Co. Ltd.*, 836 F.3d 261, 269 (3d Cir. 2016); *see also Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200, 209 (3d Cir. 2021) ("[T]he absence of standing leaves the court without subject matter jurisdiction to reach a decision on the merits[.]"). To prove standing, a plaintiff must establish

> (1) an injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) that it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Winer Family Tr. v. Queen*, 503 F.3d 319, 325 (3d Cir. 2007) (citing *Danvers Motor Co., Inc. v. Ford Motor Co.*, 432 F.3d 286, 290-91 (3d Cir. 2005)); *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). To suffer an "injury-in-fact" a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan,* 504 U.S. at 560 (internal quotation marks omitted). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins,* 578 U.S. 330, 341 (2016). Therefore, "a bare procedural violation, divorced from any concrete harm" cannot satisfy Article III's injury-in-fact requirement. *Id.* "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation

5

may sue that private defendant over that violation in federal court." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) (emphasis in original).

I have considered the amendments to the complaint and conclude that this case was improperly removed. The NCT Trusts cite to several new allegations in the amended complaint that relate to defendants' misrepresentations and inability to show ownership of the loans at issue. (*See* Opp. pp. 8–9.)[3] The NCT Trusts argue that those allegations constitute a new and different theory of liability that warrants removal. I do not find the NCT Trusts' argument persuasive because similar allegations were included in the original complaint.[4]

Regarding Article III standing, the same defects that led to my prior holding are still present in the amended complaint: Browne still fails to allege that the transfer of the loan from JP Morgan Chase Bank to the NCT Trusts caused him to be in any different or worse position than he would have occupied if the loan had not been transferred. Browne has not alleged that the

---

[3] Examples of allegations in the amended complaint on which the NCT Trusts rely include: "[N]one of the Defendant NCT Trusts can prove their assignee status through competent and admissible evidence." (Compl. ¶ 7); "As a result of the NCT Trusts['] inability to show that they have been assigned any specific student loans or as a result of the NCT Trusts' unlicensed status, the collection efforts by the Defendants are neither valid nor enforceable claims to collect on any student loans, including Browne or any other New Jersey student loan borrower." (Compl. ¶ 9); that the NCT Trusts are "unable to show ownership of loans through admissible evidence." (Compl. ¶ 103(C)); and that the NCT Trusts cannot prove that they "acquired any particular loans" and "[the] NCT Trusts and TSI [Transworld Systems Inc.] . . . lacked the ability to prove that the Defendant NCT Trusts had been assigned the legal right to enforce the accounts." (Compl. ¶ 139(A), (F)).

[4] *See, e.g.*, the following allegations in the original complaint related to defendants' misrepresentations and inability to show ownership of the loans: that NCSLT communicated that it "allegedly acquired certain loans between Plaintiff and the Class and others, when the assertion could not be shown to be true" (*Browne I*, DE 1-1 ¶ 41(D)); that NCSLT made "false or misleading communications that it had acquired the loans of Plaintiff and the Class when Defendants knew they could not show they had acquired any particular loans." (*Browne I*, DE 1-1 ¶ 57); and that NCSLT cannot prove that they "acquired any particular loans" and "lacked the ability to show it had [a] legal right to enforce the accounts." (*Browne I*, DE 1-1 ¶ 72(a), (e)).

transfer caused him to pay more than he was required to, delayed his repayment of the loan, or harmed his credit rating. (*See Browne I*, DE 38 pp. 5–6.) Browne has also not alleged that JP Morgan Chase Bank continued to pursue its own rights as creditor after the loan was transferred to the NCT Trusts, or that there is a risk that it will seek to do so. The NCT Trusts do not address these issues in their notice of removal or opposition to Browne's motion to remand.

The NCT Trusts appear to assert that a standing analysis is not warranted because it has not moved to dismiss on standing grounds. (Opp. p. 10.) The NCT Trusts' position would lead to an endless cycle of litigation wherein the action may be removed but then must be dismissed, either on motion or *sua sponte*, for lack of Article III standing, only to be remanded and removed again, and so on. Browne filed this action in state court, asserting state-law claims which, whatever their viability in state court may be, do not satisfy federal Article III standing requirements. This action must be remanded to state court, where it should remain.

## III.   CONCLUSION

For the reasons set forth above, the motion to remand is granted. A separate order will issue.

Dated: March 9, 2023

/s/ Kevin McNulty

------------------------------

**Hon. Kevin McNulty**
**United States District Judge**