**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1896
_____

LESROY BROWNE, on behalf of himself and those similarly situated,
Appellant

v.

NATIONAL COLLEGIATE STUDENT LOAN TRUST, also known as NATIONAL COLLEGIATE MASTER STUDENT LOAN TRUST 1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2003-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-3; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-4; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-4; WILMINGTON TRUST CO, as Trustee for National Collegiate Student Loan Trust; U.S. BANK, N.A., in its Role as Special Servicer for the National Collegiate Student Loan Trust; TRANSWORLD SYSTEMS, INC.; JOHN DOES 1 TO 15

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:22-cv-02713)
District Judge: Honorable Madeline C. Arleo

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 2, 2025

Before: KRAUSE, BIBAS, and MONTGOMERY-REEVES, *Circuit Judges*.

(Opinion filed: June 16, 2025)

_____

OPINION*

_____

MONTGOMERY-REEVES, *Circuit Judge*.

In this litigation, Lesroy Browne argues that the National Collegiate Student Loan Trust (the "Trust") failed to follow a state licensing rule and cannot prove that it owns his loan. He claims that these oversights relieved him of his obligation to make any payments on his student loans after 2017. As such, according to Browne, payments he made from 2017 to 2020 were fraudulently obtained. Browne sued the Trust, its trustees, and debt collectors (collectively "Defendants"), alleging violations of New Jersey's Consumer Finance Protection Act ("CFLA"), N.J. Stat. Ann. § 17:11C-3, and New Jersey's Consumer Fraud Act ("CFA"), N.J. Stat. Ann. § 56:8-2, as well as unjust enrichment. Browne sought a declaration that Defendants violated the CFLA and the CFA; he also requested damages and injunctive relief. But the District Court dismissed Browne's complaint for failure to state a claim. For the reasons explained below, we will affirm the District Court's order.[1]

First, Browne cannot assert a claim for a violation of the CFLA. New Jersey's intermediate appellate court has held that the CFLA does not contain a private right of

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction over this case under 28 U.S.C. § 1332. We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review de novo a district court's decision to grant a motion to dismiss. *Kalu v. Spaulding*, 113 F.4th 311, 324 (3d Cir. 2024) (citing *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020)).

2

action. *See Francavilla v. Absolute Resols. VI, LLC*, 312 A.3d 307, 312 (N.J. Super. Ct. App. Div. 2024). And Browne cannot use New Jersey's Declaratory Judgment Act (N.J. Stat. Ann. § 16-50, *et seq.*) to circumvent the lack of a private right of action. *See In re Comm'n of Investigation*, 527 A.2d 851, 856–57 (N.J. 1987) (affirming the denial of declaratory judgment where, absent a private right of action, the court would be unable to grant affirmative relief). Because the highest court in New Jersey to address the issue consistently holds that the CFLA does not contain a private right of action, we will affirm the dismissal of Browne's CFLA claim.[2]

Second, Browne fails to sufficiently plead a violation of the CFA because the CFA only applies to misrepresentations made during an offer to sell a product or during negotiations about modifying an existing obligation. *DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman*, 64 A.3d 579, 587–88 (N.J. Super. Ct. App. Div. 2013); *see also Gonzalez v. Wilshire Credit Corp.*, 25 A.3d 1103, 1107 (N.J. 2011) (applying the CFA to post-foreclosure financing negotiations). "[T]he CFA is inapplicable to [plaintiff's] claim against the collection agency because any misrepresentations by the collection agency . . . occurred later on, when the collection agency was attempting to collect the debt." *Id.* at 588. Debt collection efforts alone are "not an offer to sell

---

[2] Browne argues that *Francavilla* and its progeny erroneously concluded that the CFLA does not contain a private right of action. When sitting in diversity, "the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." *Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 109 (1945). Because the New Jersey appellate courts consistently hold that the CFLA does not provide a private right of action, we need not resolve this issue.

merchandise, nor d[oes] [plainitff] buy anything from the collection agency." *Id*. Because Browne's claims all center around collection efforts on a 2007 loan without any allegations of subsequent agreements or inducements to modify the loan, the collection actions cannot support a CFA violation. *Id.*; *but see Gonzalez*, 25 A.3d at 1115 (holding that a plaintiff could bring a CFA claim based on fraudulent statements where a plaintiff was induced to enter post-foreclosure financing deals). Thus, we will affirm the District Court's dismissal.

Finally, Browne's unjust enrichment claim also fails. "To prove a claim for unjust enrichment, a party must demonstrate that the opposing party 'received a benefit and that retention of that benefit without payment would be unjust.'" *Thieme v. Aucoin-Thieme*, 151 A.3d 545, 557 (N.J. 2016) (quoting *Iliadis v. Wal–Mart Stores, Inc.*, 922 A.2d 710, 723 (N.J. 2007)). An unjust enrichment claim also "requires that [a] plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *Iliadis*, 922 A.2d at 723. But Browne does not allege that he expected any benefits, monetary or otherwise, from the Appellees during the alleged collection efforts. This is fatal to his claim. As such, the District Court properly dismissed the unjust enrichment claim.

For the reasons discussed above, we will affirm the District Court's dismissal.[3]

---

[3] Because each of Mr. Brown's claims fails for the reasons discussed above, we need not address his other arguments.